## OLM v. CATHER.

(Court of Appeals of District of Columbia. Submitted January 13, 1927. Decided February 7, 1927.)

No. 1908.

1. Patents ⟷91(4)—Evidence held to show junior party to interference proceeding entitled to priority in invention of envelope for mailing automobile license plates.

In interference proceeding, evidence *held* to show junior party entitled to priority in invention of envelope for use in distribution of automobile license plates with registration certificate inclosed.

2. Patents ⟷113(7)—Though concurrent opinions of Patent Office are entitled to respect, error therein must be corrected by court.

Concurrent opinions of Patent Office in interference proceeding are entitled to respect; but, if material error appears, it is duty of court to correct it, and enter judgment accordingly.

Appeal from Commissioner of Patents.

Interference proceeding between Charles E. Cather, senior party, and Oscar J. Olm, junior party. From a decision of the Commissioner of Patents for the former, the latter appeals. Reversed, and priority awarded junior party.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

G. H. Kennedy, Jr., of Worcester, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, in which priority was awarded Cather, the senior party. The issue is expressed in a single count as follows:

"An envelope made from a single blank and having two opposite walls of substantially uniform size, said blank having two openings, one providing a slit and the other providing a window in one wall of the envelope, and a flap extending from the outside of said wall adjacent the slit and adapted to be secured to said wall on the opposite side of the slit."

[1] As will be observed from a reading of this count, it relates to an envelope used in the distribution of automobile license plates and in which the registration certificate is also inclosed. The tribunals of the Patent Office found that the senior party, Cather, was entitled to the date of March 26, 1921,

as his date of conception and reduction to practice. The appellant does not challenge that finding.

Mr. Olm had had wide experience in the manufacture of envelopes. He testifies in detail as to the conception and disclosure of this invention in the latter part of 1920 and early in 1921. His testimony is corroborated by a Mr. Bates, a Mr. Wasley, a Mr. Hart, and a Mr. Anderson; also by Hon. Mike Holm, secretary of state of Minnesota.

Concerning this testimony the Examiner of Interferences said: "The foregoing testimony, it must be admitted, has a tendency to establish that samples of two types of envelopes were in existence in January, 1921." Because, however, the Examiner entertained a doubt as to whether the *type* of envelope that subsequently came to be used was in existence at that time, he practically discarded the testimony, although he admitted that the type as to which the proof was clear and satisfactory fully responded to the issue. The Board and the Commissioner followed the reasoning of the Examiner.

- The conclusion reached by the tribunals of the Patent Office was largely influenced by their belief that there was a conflict in the testimony of Olm's witnesses. We find no such conflict. Mr. Anderson testified that in January of 1921 he exhibited some sample envelopes to Mr. Holm; that Mr. Holm was interested and that he (Anderson) then had some printed with Mr. Holm's name on them, and in February submitted these to Mr. Holm. Mr. Holm testified that he had talked with Mr. Anderson on a number of occasions about envelopes for license plates. He was then asked:

"Do you remember any particular instance of a two-in-one envelope Mr. Anderson showed you?

"Well, I don't know of any particular instance. He has been showing me envelopes from time to time ever since I came here."

After stating that Anderson had shown him a two-in-one envelope in the early part of 1921, he was asked if he could describe that envelope and replied:

"The envelope that he showed me, that I recollect, was a home-made affair, did not have any printing on it; in fact, I suggested to him something with regard to the folding of the envelopes. Then he brought me an envelope, and showed it to me, and asked me if this would do."

The witness' subsequent description of the envelope shown him responded to the issue. It is apparent that crude samples were first

shown Mr. Holm, and that a month later—that is, in February—the finished product was shown him. He subsequently purchased envelopes from Olm.

The testimony of Mr. Ernest E. Hart, the foreman of the paper company exploiting these envelopes for Mr. Olm, is very clear and satisfactory.

Unless we are to reject the testimony of witnesses whose credibility is in no way impeached, we must find, as we do, that Olm disclosed and reduced this invention to practice as early as February, 1921. The invention is simple, and it is inconceivable that these witnesses could be mistaken in their testimony.

[2] While the concurrent opinions of the Patent Office are entitled to respect, if material error has been made to appear, it is our duty to correct it and enter judgment accordingly. Bungay v. Grey, 52 App. D. C. 63, 281 F. 423.

The decision is reversed, and priority awarded Olm.

Reversed.